UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**Roshelle Mae Pollock,**

    **Plaintiff,**                                             Case No. _____

v.                                                        Hon. _____

**Ottawa Innovations, LLC,**

    **Defendant.**

---

**Robert A. Lusk (P38122)**
**EDUCATORS LEGALSERVICES, PLLC**
**9070 Campbell Creek Dr.**
**Commerce Township, MI 48390**
rlusk@educatorslegalservices.com

---

## COMPLAINT

### PARTIES, JURISDICTION, AND VENUE

Plaintiff, Roshelle Mae Pollock, files this civil action against Defendant, Ottawa Innovations, LLC.

1.    Plaintiff is an individual who resides in Iron River, Michigan, which is within the judicial district of the United States District Court for the Western District of Michigan, Northern Division.

2.    Defendant is a limited liability corporation, whose principal place of business is located within the judicial district of the United States District Court for the Western District of Michigan, Northern Division.

3. Venue for this civil action is properly laid in the United States District Court for the Western District of Michigan.  28 USC § 1391.

4. This Court has subject matter jurisdiction (original jurisdiction) over this civil action because Plaintiff has alleged claims arising under the Constitution and laws of the United States.  29 USC § 1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims because they are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.  28 USC § 1367(a).

## GENERAL ALLEGATIONS

6. Plaintiff was employed by Defendant from approximately November 2020 until approximately September 2021.

7. Defendant is in the business of cultivating and retailing marijuana and related products.

8. Defendant was Plaintiff's employer within the meaning of the Fair Labor Standards Act (FLSA), 29 USC §§ 201, *et seq*.

9. Defendant was Plaintiff's employer with the meaning of Title I of the Americans with Disabilities Act of 1990 (ADA), 42 USC §§ 12101, *et seq*.

10. Defendant was Plaintiff's employer within the meaning of Michigan's Persons with Disabilities Civil Rights Act (PWDCRA), MCL 37.1101, *et seq*.

11. Defendant misclassified Plaintiff as an independent contractor.

12. Defendant did not pay Plaintiff overtime, as required by the FLSA.

13. In March 2021, Plaintiff disclosed to Defendant she had a record of a disability.

14. On or about April 12, 2021, Plaintiff applied for a promotion to the position of assistant manager.

15. On or about April 28, 2021, Defendant informed Plaintiff that, although she was a great employee, she was not qualified for the assistant manager position because she needed "behavioral modification."

16. Plaintiff responded she believed Defendant's reason for denying her the promotion was illegal and she planned to speak with an attorney or file a complaint with the Equal Employment Opportunity Commission (EEOC).

17. Plaintiff initiated a charge of discrimination with the EEOC on April 28, 2021.

18. Defendant refused to schedule Plaintiff for work after she informed Defendant she planned to speak with an attorney and initiated a charge of discrimination with the EEOC.

19. Defendant transferred Plaintiff in a different position in approximately September 2021.

20. Defendant terminated Plaintiff's employment three days later.

21. Defendant's misclassification of Plaintiff as an independent contractor left her unable to claim unemployment benefits and food stamps to support herself and her three children, including a disabled child.

22. Plaintiff received a right-to-sue letter from the EEOC on May 13, 2022.

## CAUSES OF ACTION

### Count I – Violation of Title I of the ADA (Discrimination)

23. Plaintiff incorporates, by this reference, the allegations in paragraphs 1 through 22 of her Complaint.

24. Plaintiff is a qualified individual with a disability within the meaning of Title I of the ADA.

25. Defendant was Plaintiff's employer within the meaning of Title I of the ADA

26. Defendant illegal discriminated against Plaintiff because she was a qualified individual with a disability.

27. Defendant refused to award Plaintiff a promotion because she was a qualified individual with a disability.

28. Defendant terminated Plaintiff's employment because she was a qualified individual with a disability.

29. Plaintiff incurred damages because Defendant discriminated against her because she was a qualified person with a disability.

THEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant granting the relief requested in the Relief Requested section of this Complaint.

### Count II – Violation of Title I of the ADA (Retaliation)

30. Plaintiff incorporates, by this reference, the allegations in paragraphs 1 through 29 of this Complaint.

31. Plaintiff opposed an act made unlawful by Title I of the ADA.

32. Defendant retaliated against Plaintiff for opposing an act made unlawful by Title I of the ADA. Specifically, Defendant refused to schedule Plaintiff for shifts, transferred her to a new position, and terminated her employment.

33. Plaintiff initiated and participated in an investigation of whether Defendant violated Title I of the ADA.

34. Defendant retaliated against Plaintiff for initiating and participating in an investigation of whether Defendant violated Title I of the ADA. Specifically, Defendant refused to schedule Plaintiff for shifts, transferred her to a new position, and terminated her employment.

35. Defendant's illegal retaliation against Plaintiff caused her to incur damages.

THEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant granting the relief requested in the Relief Requested section of this Complaint.

### Count III – Violation of FLSA

36. Plaintiff incorporates, by this reference, the allegations in paragraphs 1 through 35 of this Complaint.

37. Plaintiff was a nonexempt employee within the meaning of the FLSA.

38. Defendant was Plaintiff's employer within the meaning of the FLSA.

39. Defendant misclassified Plaintiff as an independent contractor.

40. Defendant failed to pay Plaintiff overtime as required by the FLSA.

41. Defendant's misclassification of Plaintiff as an independent contract caused her to incur damages.

42. Defendant's failure to pay Plaintiff overtime as required by the FLSA caused Plaintiff to incur damages.

THEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant granting the relief requested in the Relief Requested section of this Complaint.

### Count IV – PWDCRA (Discrimination)

43. Plaintiff incorporates, by this reference, the allegations in paragraphs 1 through 42 of this Complaint.

44. Plaintiff was an employee within the meaning of the PWDCRA.

45. Defendant was Plaintiff's employer within the meaning of the PWDCRA.

46. Defendant discriminated against Plaintiff because she was disabled within the meaning of the PWDCRA.

47. Defendant refused to award Plaintiff a promotion because she was disabled.

48. Defendant terminated Plaintiff's employment because she was disabled.

49. Plaintiff incurred damages because Defendant discriminated against her in violation of the PWDCRA.

THEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant granting the relief requested in the Relief Requested section of this Complaint.

### Count V – Violation of PWDCRA (Retaliation)

50. Plaintiff incorporates, by this reference, the allegations in paragraphs 1 through 49 of this Complaint.

51. Plaintiff opposed an act made unlawful by the PWDCRA.

52. Defendant retaliated against Plaintiff for opposing an act made unlawful by the PWDCRA. Specifically, Defendant refused to schedule Plaintiff for shifts, transferred her to a new position, and terminated her employment.

53. Plaintiff initiated and participated in an investigation of whether Defendant violated PWDCRA.

54. Defendant retaliated against Plaintiff for initiating and participating in an investigation of whether Defendant violated PWDCRA. Specifically, Defendant refused to schedule Plaintiff for shifts, transferred her to a new position, and terminated her employment.

55. Defendant's illegal retaliation against Plaintiff caused her to incur damages.

THEREFORE, Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendant granting the relief requested in the Relief Requested section of this Complaint.

### RELIEF REQUESTED

Plaintiff, Roshelle Mae Pollock, respectfully asks this Honorable Court to enter a Judgment against Defendant, Ottawa Innovations, LLC, awarding her the following relief:

A.  A declaration Defendant violated Title I of the ADA, the FLSA, and the PWDCRA;

    B.    Back-pay and front-pay;

    C.    The overtime Plaintiff would have received had Defendant complied with the overtime provisions of the FLSA plus liquidated damages in the same amount.

    D.    The cash value of the unemployment benefits and food-stamps she would have received to support herself and her children if Defendant had not misclassified her as an independent contract;

    E.    Mental anguish and emotional distress;

    F.    Punitive damages;

    G.    Exemplary damages;

    H.    Actual reasonable attorneys' fees and costs; and,

    I.    Whatever other relief this Court deems appropriate.

Respectfully submitted,

/s/ Robert A. Lusk (P38122)
EDUCATORS LEGAL SERVICES, PLLC
9070 Campbell Creek Drive
Commerce Township, Michigan 48390
rlusk@educatorslegalservices.com